IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,643-01






EX PARTE REGINALD LAMONT HOOPER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-24533-A IN THE 217TH JUDICIAL DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault on a public servant and sentenced to thirty years' imprisonment. The Tenth Court of Appeals
reversed and rendered his conviction. Hooper v. State, 170 S. W. 3d 736 (Tex. App. - Waco, July
13, 2005). The State petitioned for discretionary review, which this Court granted, remanding to the
Court of Appeals for reconsideration. Hooper v. State, 214 S.W.3d 9 (Tex. Crim. App. 2007). On
reconsideration, the Tenth Court of Appeals affirmed the conviction. Hooper v. State, No. 10-04-00265-CR (Tex. App. - Waco, March 12, 2008).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
first advised Applicant that he would file a second PDR on his behalf, and then later advised
Applicant that he did not intend to file the PDR. By the time counsel advised Applicant that he did
not intend to file the PDR, the deadline for filing the PDR or a motion to extend the time for filing
had passed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial
court has entered findings of fact and conclusions of law, recommending that Applicant be granted
an out-of-time PDR. However, because the habeas record does not show that appellate counsel has
been afforded an opportunity to explain his actions, the trial court shall provide appellate counsel
with the opportunity to respond to Applicant's claim of ineffective assistance of counsel on appeal. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that he has a right to file a pro se petition for discretionary review. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 1, 2008

Do not publish